USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/18/19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MATTHEW J. LARKIN,

               **Plaintiff,**

-against-

TRANS UNION, LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.;
CAPITAL ONE BANK USA, N.A.; CREDIT
ACCEPTANCE CORPORATION; FIRST
ELECTRONIC BANK; AND VERIZON
COMMUNICATIONS, INC.,

               **Defendants.**

**19-CV-8349 (ALC)**

**ORDER OF SERVICE**

---

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff, currently incarcerated in F.C.I. Otisville, located in Otisville, New York, brings

this *pro se* action alleging that Defendants violated his rights under the Fair Credit Reporting

Act, 15 U.S.C. § 1681, *et seq.* By order dated September 10, 2019, the Court granted Plaintiff's

request to proceed without prepayment of fees, that is, *in forma pauperis.*[1]

## DISCUSSION

**A.**    **Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of

Civil Procedure generally requires that the summons and complaint be served within 90 days of

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis. See* 28 U.S.C. § 1915(b)(1).

the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Trans Union, LLC; Experian Information Solutions, Inc.; Capital One Bank, USA, N.A.; Credit Acceptance Corporation; First Electronic Bank; and Verizon Communications, Inc., through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Trans Union, LLC; Experian Information Solutions, Inc.; Capital One Bank, USA,

N.A.; Credit Acceptance Corporation; First Electronic Bank; and Verizon Communications, Inc., and deliver all documents necessary to effect service to the U.S. Marshals Service

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated:   **September 18, 2019**
         **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

## DEFENDANTS AND SERVICE ADDRESSES

1. Trans Union, LLC
   c/o Corporation Service Company
   80 State Street
   Albany, New York 12207-2543

2. Experian Information Solutions, Inc.
   c/o/ CT Corporation System
   11 8th Avenue, 13th Floor
   New York, New York 10011

3. Capital One Bank, USA, N.A.
   1680 Capital One Drive
   McLean, Virginia 22101

4. Credit Acceptance Corporation
   25502 W. 12 Mile Road
   Southfield, Michigan 48034

5. First Electronic Bank
   2150 S. 1300 East
   Suite 400
   Salt Lake City, Utah 84106

6. Verizon Communications, Inc.
   140 West Street
   New York, New York 10007