USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW J. LARKIN,

                Plaintiff,

-against-

TRANS UNION, LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.; CAPITAL
ONE BANK USA, N.A.; CREDIT ACCEPTANCE
CORPORATION; FIRST ELECTRONIC BANK;
AND VERIZON COMMUNICATIONS, INC.;
EQUIFAX INFORMATION SERVICES, LLC;
and SIMON'S AGENCY, INC.,

                Defendants.

**ORDER OF SERVICE**

19-CV-8349 (ALC) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

      Plaintiff, currently incarcerated in F.C.I. Otisville, located in Otisville, New York, brings this *pro se* action alleging that Defendants violated his rights under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* By order dated September 10, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

      On December 10, 2019, Plaintiff filed a motion requesting permission to amend his complaint. Dkt. No. 42. Plaintiff attaches to his motion the proposed amended complaint wherein he adds claims against Equifax Information Services, LLC, and Simon's Agency, Inc.

      The Court grants Plaintiff's motion to amend the complaint and directs the Clerk of Court to docket the attachment at Dkt. No. 42 as an amended complaint in this case.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

**A.  Service on Equifax Information Services, LLC, and Simon's Agency, Inc.**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date a pleading is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed his motion and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Equifax Information Services, LLC, and Simon's Agency, Inc., through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the

Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court grants Plaintiff's motion for permission to amend his complaint. (ECF No. 42.)

The Clerk of Court is directed to docket the attachment at ECF No. 42 as an amended complaint in this case.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Equifax Information Services, LLC, and Simon's Agency, Inc., and deliver all documents necessary to effect service to the U.S. Marshals Service

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: December 19, 2019
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Equifax Information Services, LLC
   c/o Corporation Service Company
   80 State Street
   Albany, New York 12207-2543

2. Simon's Agency, Inc.
   4963 Wintersweet Drive
   Liverpool, New York 13008